# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN DAVID McMINN, | ) |
|         Petitioner, | ) |
| v. | ) Case No. CIV 18-258-RAW-KEW |
| RICK WHITTEN, Warden, | ) |
|         Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at James Crabtee Correctional Center in Helena, Oklahoma. He is attacking his conviction in Muskogee County District Court Case No. CF-2015-1251 for Second Degree Murder, setting forth one ground for relief:

> Trial Court did not have jurisdiction in that Petitioner and the victim are Indians within the meaning of federal law and the crime occurred in Indian Country as defined by 18 U.S.C. § 1151.

(Dkt. 1 at 6). He specifically alleges he is a member of the Cherokee Nation, and his crime was committed on part of an Indian allotment within the boundaries of the Cherokee Nation reservation.

According to the Oklahoma State Courts Network at http://www.oscn.net ("OSCN"), Petitioner entered a plea of guilty on February 7, 2017, and his Judgment and Sentence was

entered on that date.[1] He alleges he did not file an appeal, however, the OSCN indicates that on March 26, 2018, he filed an application for post-conviction relief.

Although Petitioner did not cite *Murphy v. Royal*, 866 F.3d 1164 (10th Cir. 2017), in his petition, he argued in his post-conviction application that *Murphy* "is new law and because the crime was committed by an Indian inside an Indian reservation, the State courts in Oklahoma are deprived of jurisdiction in this matter." *McMinn v. State*, No PC-2018-448, slip op. at 1 (Okla. Crim. App. July 27, 2018) (Dkt. 1 at 15). The Muskogee County District Court denied post-conviction relief, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the denial on July 27, 2018, in Case No. PC 2018-448 (Dkt. 1 at 15-17). The OCCA held that because the appeal in *Murphy* was still pending in the Supreme Court, "[Petitioner's] post-conviction application based solely on the Tenth Circuit's holding in *Murphy* is premature." *Id*. at 16.

As of the entry of this Opinion and Order, *Murphy* still is not settled law. The appeal of the Tenth Circuit's decision remains pending in the United States Supreme Court in Case No. 17-1107.

Nonetheless, the Court finds the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996. The issue of timeliness may be raised *sua sponte* by the Court. *See Day v. McDonough*, 547 U.S. 198,

---

[1] The Court takes judicial notice of the public records of the OSCN. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

209 ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.").

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As stated above, Petitioner's Judgment and Sentence was entered on February 7, 2017. Because he did not seek to timely withdraw his plea or seek a direct appeal to the Oklahoma Court of Criminal Appeals, the conviction became final on February 17, 2017, ten days after entry of the Judgment and Sentence.  *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051.  Pursuant to 28 U.S.C. § 2244(d)(1), Petitioner's statutory year began to run on February 18, 2017, and it expired on

February 18, 2018. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (the year begins to run the day after the judgment and sentence becomes final). Petitioner's habeas petition, filed on August 7, 2018, was untimely.

A habeas petition filed outside the one-year limitation period, however, still may be considered if statutory or equitable tolling applies. Petitioner filed an application for post-conviction relief on March 26, 2018, which was denied by the district court and affirmed by the Oklahoma Court of Criminal Appeals on July 27, 2018. Because Petitioner did not initiate his post-conviction proceedings until the limitation period had expired, there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). Further, the Tenth Circuit's *Murphy* decision "did not extend the limitations period because . . . it is not a Supreme Court decision and therefore could not create new law relevant under § 2244(d)(1)(C)." *Canady v. Bryant*, 779 F. App'x 528, 530 (10th Cir. 2019).

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. at 418 (2005)) (internal quotation marks omitted).

Petitioner alleges he did not file an appeal of his plea and raise a jurisdictional claim,

because his attorney failed to advise him of the issues related to his Indian status (Dkt. 1 at 7). As demonstrated in Petitioner's post-conviction proceedings, however, the Oklahoma Court of Criminal Appeals considered the claim pursuant to *Murphy* to be premature. Regardless, the attorney's failure to raise this issue does not explain why Petitioner waited until the statute of limitations had expired before pursuing his post-conviction remedies. This Court finds Petitioner has not demonstrated he is entitled to equitable tolling.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus (Dkt. 1) is DENIED, and Petitioner is denied a certificate of appealability.

**IT IS SO ORDERED** this 4th day of March 2020.

Ronald A. White
United States District Judge
Eastern District of Oklahoma